**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAROLD WARREN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE WORLD TRADE CENTER<br>HEALTH PROGRAM, *et al.*,<br><br>    Defendants. | Civil Action No. 22-1790 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court on pro se Plaintiff Harold Warren's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") without prepayment of fees under 28 U.S.C. § 1915. (IFP Appl., ECF No. 9.) In support of his IFP Application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally id*.) Upon review of Plaintiff's IFP Application, the Court finds that Plaintiff has established indigence and grants the IFP Application.

  Having granted Plaintiff IFP status, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen his Complaint. (Compl., ECF No. 1.) The Court screens the Complaint to determine at the outset whether any claim should be dismissed: (1) as frivolous or malicious; (2) for failure to state a claim upon which relief may by granted; or (3) because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[] is the same as that for dismissing a complaint pursuant to [Rule] 12(b)(6)." *Conner v. Reed*, No. 21-14193, 2022 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to

accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citations omitted); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Courts construe pro se pleadings liberally. *See e.g.*, *Higgs v. Att'y Gen. of U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a *pro se* litigant's pleadings liberally.") (emphasis in original). That said, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his Complaint, Plaintiff alleges that The World Trade Center Health Program (the "WTC") administered by the National Institute for Occupational Safety and Health ("NIOSH"): (1) refused to provide medical records as required by the Health Insurance Portability and Accountability Act ("HIPAA"); (2) discriminated against him on account of his age and race; (3) improperly denied Plaintiff benefits when it refused to certify him under the WTC. (*See* Compl. 2.) The WTC is a federally-run program that pays for medically necessary treatment for certified conditions for responders and survivors of the September 11, 2001 attacks in Manhattan. (*Id.* at 2-3.) Plaintiff alleges he is a medical doctor and was a first responder who was injured at Ground

Zero while medically assisting. (*Id.* at 3.) In the years after the attack, Plaintiff alleges he developed several medical illnesses and initially was able to get medications for the illnesses through the WTC. (*Id.*) That support stopped, however, sometime in the last decade. (*Id.*)

Plaintiff now seeks this Court's assistance because Plaintiff alleges he wrote to NIOSH and was told "they were aware of the issues," presumedly with the lack of medication, but refused to act. (*See id.* at 3-4.) In the years since he lost coverage, Plaintiff alleges he suffered multiple health issues and that the WTC refused to send his prior medical records to his new medical providers while these health issues were ongoing. (*Id.* at 4-5.) Plaintiff maintains that the WTC's refusal to send his medical records is a violation of HIPAA. (*See id.*) Ultimately, Plaintiff brings this lawsuit to seek "emergency medicines/treatments and damages/compensation." (*Id.* at 8.)

Construing Plaintiff's above allegations liberally, this Court can discern three general claims: (1) violation of HIPAA where NIOSH failed to produce requested medical records; (2) discrimination against Plaintiff by NIOSH on account of Plaintiff's race and age where NIOSH refused to certify Plaintiff under the WTC; and (3) improper denial of benefits by NIOSH where he was denied benefits despite being a Responder under the WTC. (*See generally id.*) The Court finds that Plaintiff's first claim fails as a matter of law, and Plaintiff does not allege sufficient facts to support his second and third claims.

First, "HIPAA does not create a private right of action." *Johnson v. WPIC*, 782 F. App'x 169, 170-71 (3d Cir. 2019) (citing *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006)). As such, Plaintiff's claim under HIPAA fails as a matter of law because he cannot obtain relief under the statute.

Second, Plaintiff's discrimination claim is strictly conclusory. Plaintiff only generally alleges he was discriminated against on account of his age or race and that NIOSH's failure to

3

certify him under the WTC was "biased." (Compl. 4.) These generalized statements of discrimination without any specific allegations as to how or why Plaintiff was discriminated against or treated differently on account of his age or race are insufficient to state a discrimination claim. (*Id.* (providing only that "[l]ess qualified persons overruled B[oar]d Certified Medical Doctor specialists attesting to my WTC medical conditions").)

Third, and finally, Plaintiff also fails to adequately allege facts to sustain an improper denial of benefits claim. NIOSH is a federal agency, and any determination by it as to certification is necessarily a federal agency decision. *See Dry Color Mfrs. Ass'n, Inc. v. Dep't of Lab.*, 486 F.2d 98, 102, 103, 108 (3d Cir. 1973) (identifying NIOSH as a federal agency). "The APA empowers courts to review agency actions and set them aside if they are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Krasniqi v. Dibbins*, 558 F. Supp. 3d 168, 178 (D.N.J. 2021) (citing 5 U.S.C. § 706 (2)(A)). "Arbitrary-and-capricious review requires [the Court] to assess whether [an agency] decision was 'reasonable and reasonably explained'" *Id.* (quoting *FCC v. Prometheus Radio Project*, 592 U.S. 414, 417 (2021)). As such, this Court cannot sit in review of an agency decision it has no information about. Without any facts as to how or why Plaintiff was denied certification under the WTC, Plaintiff fails to adequately allege a claim against NIOSH for its decision to deny him benefits.

For the reasons outlined above, Plaintiff's Complaint fails to state a claim upon which relief can be granted. This Court will dismiss Plaintiff's claims without prejudice, however, so that he has an opportunity to amend his allegations and provide more factual detail to support his claims.

Accordingly,

**IT IS** on this 4th day of November 2024 **ORDERED** that:

1. The Clerk of Court shall reopen this matter for consideration of Plaintiff's renewed IFP Application (ECF No. 9).

2. Plaintiff's IFP Application (ECF No. 9) is **GRANTED**.

3. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk of Court shall close this case.

5. Plaintiff shall have thirty (30) days from the issuance of this Memorandum Order to file an amended complaint.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**